IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT N. VALENZUELA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant.<br>                                                              / | No. C 08-04001 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING LIMITED REMAND ON CLAIM OF ADJUSTMENT TO OTHER WORK** |

**INTRODUCTION**

In this social security action, plaintiff appeals the denial of disability benefits. Plaintiff raises three contentions, two of which warrant remand for further clarification by the administrative law judge. Accordingly, defendant's motion for summary judgment is **GRANTED IN PART** and plaintiff's motion for summary judgment is **DENIED**.

**STATEMENT**

Plaintiff was born in 1963, received his high school diploma, and was previously employed as a maintenance worker, delivery route driver, laborer and pipe manufacturer. He discontinued employment on August 13, 2001, when he was 38 years old. On July 15, 2004, plaintiff applied for disability insurance benefits, alleging an inability to work due to chronic pain and numbness from a shoulder and back injury. Plaintiff's application was denied initially and upon reconsideration.

Plaintiff requested an administrative hearing which was held before an administrative law judge on July 16, 2007. On August 20, 2007, the ALJ ruled that plaintiff was not disabled because of his capacity to perform some light-level work. The ALJ's decision was made final when the Appeals Council denied plaintiff's request for administrative review. On August 21, 2008, plaintiff filed this action seeking judicial review of the ALJ's decision under 42 U.S.C. 405(g). The parties now make cross-motions for summary judgment.

**1.  TESTIMONY AT THE ADMINISTRATIVE HEARING.**

The ALJ's reliance on testimony by the vocational expert ("VE") is in dispute. At the administrative hearing, the VE testified that plaintiff had previously performed medium to heavy level work according to the Dictionary of Occupational Titles ("DOT") (AR 83–84). The ALJ posed a hypothetical to the VE to assess plaintiff's ability to obtain sedentary or light-level work given certain limitations. The limitations were as stated: no reaching above shoulder-height or repetitive gripping or twisting with the right arm, freedom to use a cane, and option to alternate at will between standing and sitting (AR 85). The VE identified self-service cashier, laminator, and key-cutter as three occupations available in the local economy to such an individual. All these jobs were classified by the VE as requiring light duty and minimal grasping (AR 86–87). The ALJ did not explicitly inquire whether any part of the VE's testimony conflicted with information provided in the DOT and, if so, whether the conflict could be reasonably explained.

**2.  MEDICAL EVIDENCE.**

The ALJ's evaluation of medical opinions in the record is also in dispute. The medical evidence was summarized in the ALJ's decision. In brief, the significant findings of the examining physicians were as follows.

In August 2002, plaintiff saw an examining specialist for a workers' compensation claim. The examiner determined that plaintiff had some positive signs of impairment in his back, right shoulder, and right leg, but was precluded only from "Very Heavy Work" (AR 168–69). In December 2002, plaintiff underwent a consultative orthopedic examination by Dr. Pon, who documented a groin strain in addition to right shoulder, low back, and right hip

1 pain; however, he observed plaintiff moving around comfortably at a slow pace. He concluded
2 that plaintiff should be able to lift and/or carry twenty pounds frequently, and to lift and/or carry
3 thirty pounds occasionally (AR 174–75).

4 Plaintiff began to see Dr. Abeles, his treating physician, in November 2003.
5 In September 2003, Dr. Abeles noted that plaintiff should be able to perform work that does
6 not require lifting over twenty pounds or repetitive bending or twisting (AR 299). In May 2004,
7 Dr. Abeles stated that plaintiff should not lift, push, or pull greater than ten pounds. Progress
8 notes by Dr. Abeles between May 2004 and May 2007 reassert this finding (AR 360–402,
9 422–32).

10 In a September 2004 qualified evaluation, Dr. Clifford, an orthopedic surgeon,
11 determined that plaintiff had sustained nerve compression but was only precluded from
12 "Heavy Lifting, Repeated Bending and Stooping" (AR 211). An October 2004 examination
13 by Dr. Caldwell-Williams, a specialist in physical medicine rehabilitation, indicated plaintiff
14 had decreased back mobility but was capable of work (AR 193–95). A qualified re-evaluation
15 by Dr. Steiner, an orthopedic surgeon, in March 2006 affirmed Dr. Clifford's prior assessment
16 of plaintiff. Dr. Steiner also noted that plaintiff was able to walk better than previously
17 documented (AR 416–17).

**ANALYSIS**

**1.  LEGAL STANDARD.**

20 A decision denying disability benefits shall be upheld on appeal if it is supported by
21 substantial evidence and free of legal error. Substantial evidence is "more than a scintilla" but
22 "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept
23 as adequate to support a conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).
24 The Court must consider the entire administrative record including evidence that does not lend
25 support to the ALJ's conclusion. Where evidence in the record is susceptible to more than one
26 rational interpretation, the decision of the ALJ must be upheld. *Andrews v. Shalala*, 53 F.3d
27 1035, 1039 (9th Cir. 1995).

### 2. THE ALJ'S ANALYSIS.

Disability claims are evaluated by the ALJ through a five-step sequential inquiry. 20 C.F.R. 404.1520. The ALJ's findings in steps one through four are not contested. At debate is step five, which involves an assessment of whether the claimant can adjust to other substantial gainful work given his age, education, work experience, and residual functional capacity ("RFC"). The RFC is the extent of a claimant's ability to engage in physical and mental work despite the claimant's impairments. *See* 20 C.F.R. 404.1520(g).

Prior to step five, the ALJ determined from medical opinions that plaintiff could lift and/or carry ten pounds frequently and lift and/or carry twenty pounds occasionally, with postural and manipulative limitations. The ALJ concluded that plaintiff had the RFC to perform a limited range of light work. In step five, the ALJ used VE testimony to find that plaintiff had alternative employment opportunities in light level occupations.

Plaintiff contends that the ALJ's analysis in step five was flawed in three ways. *First*, plaintiff faults the ALJ for a procedural error in relying on the VE's testimony. *Second*, with regard to the RFC assessment, plaintiff argues that the medical record did not sufficiently support the finding that plaintiff could occasionally carry twenty pounds. Plaintiff also claims that the ALJ incorrectly characterized his RFC as the capacity for some light level work.

#### A. SSR 00-4p.

Plaintiff argues that the ALJ violated SSR 00-4p, which regulates use of occupational evidence in disability decisions because the ALJ failed to inquire into a conflict between the VE's testimony and the DOT. At the hearing, the VE identified several light-work occupations that can be performed with a sit/stand option. DOT descriptions of those same occupations, however, do not indicate if they can be performed with a sit/stand option. When dealing with occupational evidence at a hearing, the ALJ is required to take the following steps: (1) explicitly ask the VE if his testimony is consistent with occupational information found in the DOT, and (2) if a conflict exists, ask the VE if there is a reasonable explanation for the VE's deviation. If the ALJ did not make this inquiry, he failed in his affirmative responsibility

4

to "ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony." Yet, failure of inquiry by itself does not make the ALJ's decision reversible. A decision may be overturned because of procedural error only if there are potential inconsistencies in the evidence that must be resolved. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (applying SSR 00-4p).

Here, the ALJ committed a legal error since occupational evidence provided by the VE's testimony was potentially in conflict with the DOT. The VE identified self-service cashier, laminator, and key cutter as light level jobs available to an individual requiring an option to change positions at will (AR 86–87). This information is not wholly consistent with the DOT, which states "a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls . . ." (App. C). The specific DOT descriptions also indicate that the proposed positions involve handling of stationary objects, which may or may not accommodate a sit/stand requirement. Furthermore, it is unclear if the VE's testimony on the number of local jobs available reflected jobs in which employers allowed work to be performed with such limitation.

Defendant argues that SSR 00-4p was designed to resolve only material conflicts between VE testimony and the DOT. This argument is not supported by Ninth Circuit authority. In *Massachi*, the VE testified that an individual who was mildly to moderately impaired in concentration ability would qualify for entry-level janitorial or cleaning jobs. 486 F.3d at 1151. The Ninth Circuit determined that this was apparently inconsistent with DOT occupational descriptions, which did not indicate if it was possible to perform such jobs with the given limitation. *Id*. at 1153–54. *Massachi*, therefore, demonstrated that a conflict may exist even if VE testimony did not directly contradict DOT information. Any potential inconsistency, which is suggested here, is sufficient to warrant inquiry. Defendant further claims that relying on the VE for occupational information beyond the DOT in response to a hypothetical was appropriate. But when the ALJ specified limitations that may undermine

5

claimant's ability to perform requirements of proposed jobs, the ALJ had an affirmative duty to first clarify the VE's testimony.

Since the ALJ failed to comply with SSR 00-4p in resolving a potential conflict, it cannot be determined whether the ALJ properly relied on VE testimony. As a result, it cannot be determined whether substantial evidence supported the ALJ's finding in step five. Accordingly, this issue is remanded so that the ALJ can perform the appropriate inquiries under SSR 00-4p.

**B.    RFC Assessment.**

With regard to RFC, plaintiff's first claim is that the July 2007 finding of plaintiff's treating physician who noted plaintiff could not carry over twenty pounds was consistent with his prior assessments; therefore, the ALJ erred in rejecting Dr. Abeles' opinion. A judge may reject the treating physician's opinion if the rejection states specific, legitimate reasons for doing so that are supported by substantial evidence. *Andrews*, 53 F.3d at 1043. Even if a treating physician's own findings are consistent, controlling weight need not be given to that opinion if it is inconsistent with other evidence in the record.

The ALJ appropriately weighed all relevant evidence and reasonably concluded that his RFC assessment was substantially supported by the record. His decision notes four opinions from examining physicians that suggest plaintiff could carry twenty pounds occasionally. In his December 2002 evaluation, Dr. Pon indicated that plaintiff could occasionally lift and/or carry up to thirty pounds (AR 174–75). The assessments of the workers' compensation examiner in August 2002, Dr. Clifford in September 2004, and Dr. Steiner in March 2006, all independently concluded that plaintiff was precluded only from heavy-level work (AR 168–69, 211, 193–95). The ALJ expressed his belief that these opinions were more compelling than Dr. Abeles' July 2007 opinion, which the ALJ discredited because it was inconsistent with other sources.

Plaintiff contends that the most recent medical opinion from the treating physician is probative despite the weight of the evidence against it. *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985). *Stone*, however, held that the ALJ should defer to the latest opinion when the plaintiff suffers from a progressively deteriorating condition. *Ibid*. No evidence suggests that

6

is the case here. In fact, plaintiff testified that he experienced improvement in his shoulder after undergoing shoulder surgery in January 2004, and Dr. Steiner noted that plaintiff appeared to ambulate better in 2006 (AR 70, 416–17). Plaintiff further argues that Dr. Abeles' opinion should be accepted because no examiner expressly countered the assessment that plaintiff could not carry over twenty pounds. Yet other medical opinions indicated plaintiff had the ability to perform at least heavy work, which contradicted Dr. Abeles' opinion since heavy work entails exerting twenty to fifty pounds of force frequently. *See* DOT, App. C. The ALJ's decision on this issue was supported by substantial evidence in the record.

Plaintiff's second claim is that given plaintiff's preclusions, the ALJ made a flawed RFC assessment that plaintiff was capable of a "limited range" of light work. Instead, plaintiff suggests that he is at best capable of work at a sedentary level. Limitations specified by the ALJ must be supported by substantial evidence in the record. *Magallanes v. Bowen,* 881 F.2d 747, 756–57 (9th Cir. 1989). The ALJ properly found that plaintiff was capable of occasionally carrying twenty pounds, which qualified him for light work. 20 C.F.R. 404.1567 (defining light work as involving lifting no more than twenty pounds). Factoring in a sit/stand option does not necessarily reduce plaintiff's exertional level to sedentary work. On remand, the ALJ should determine from VE testimony with the requisite SSR 00-4p inquiries whether plaintiff is able to fulfill requirements of certain light-level jobs given his impairments.

## CONCLUSION

For the foregoing reasons, this case is **REMANDED** to the ALJ for the limited purpose of clarifying the VE's testimony on plaintiff's ability to work in light level occupations. The remainder of plaintiff's motion for summary judgment is **DENIED**. Defendant's cross-motion for summary judgment is **GRANTED IN PART** on all remaining issues.

**IT IS SO ORDERED.**

Dated: June 2, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7